Requestor: John K. Plumb, Esq., Village Attorney Village of Randolph 202 West Fourth Street Jamestown, N.Y. 14701
Written by: Siobhan Crary, Assistant Attorney General
You have asked whether the Village of Randolph may amend its local zoning law to authorize the zoning board of appeals to revoke a special use permit when the permit holder continues to violate the terms of the permit.
We previously opined that cities are authorized to enact zoning regulations which include a procedure for revocation of special use permits. 1985 Op Atty Gen (Inf) 120. Like cities, villages are specifically authorized to adopt zoning regulations by local law. Village Law § 7-700. Your zoning board of appeals is authorized by local law to grant special use permits.[1] Generally, special permits are used to approve particular uses that are authorized under specified conditions. We believe that the power to issue such permits embraces the power to revoke them when the conditions are not met.
Because villages have the authority to adopt zoning regulations by local law, we believe they may establish provisions for approval of special use permits, imposition of conditions upon the proposed use of the property subject to the permit, and for revocation of such permits. The procedure for revocation must comply with due process requirements.
We conclude that a village is authorized to enact zoning regulations that include a procedure for revocation of special permits.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
[1] We note that Village Law § 7-712-a, effective July 1, 1992 states
 "Unless otherwise provided by local law, the jurisdiction of the board of appeals shall be appellate only and shall be limited to hearing and deciding appeals from and reviewing any order, requirement, decision, interpretation, or determination made by an administrative official charged with the enforcement of any local law adopted pursuant to this article."